[Crim. No. 1424. First Appellate District, Division Two.—November 8, 1927.]

THE PEOPLE, Respondent, v. GEE DON YOW, Appellant.

James M. Hanley for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with having violated section 8 of an act entitled "An Act to Regulate the Sale of Poisons in the State of California and Providing a Penalty for the Violation Thereof." (Deering's Gen. Laws 1923, Act 5994.) The defendant pleaded not guilty

and in the trial court a trial was had before the court sitting with a jury. The jury returned a verdict against the defendant, the defendant made a motion for a new trial, the motion was denied, and the defendant appealed from the judgment and order.

In the presentation of its case the prosecution called as witnesses a detective sergeant and two patrolmen, and by their testimony it produced evidence to the effect that in San Francisco at about 11:30 P. M. on the night of the twenty-eighth day of January, 1927, on Jackson Street, a short distance below the northeast corner of Trenton and Jackson, the police officers arrested the defendant; that at that place and immediately after the arrest they searched the defendant; and that in searching him they found between the outside and the lining of his coat, at a point near the middle of the back, a new original package containing a can of morphine. The officers retained the can and placed the defendant under arrest. The officers testified that just before the arrest they saw the defendant come out of Trenton and turn down Jackson on the north side. After the prosecution had rested the defendant took the stand in his own behalf. He testified that he was one of the partners operating a fruit store at 622 Jackson, that would be approximately three blocks lower down Jackson on the same side of the street on which he was arrested. He claimed that just before the arrest he had taken a package of fruit to deliver to a customer at 1013 Powell Street; that on his return he was accompanied by two of his cousins; that as they proceeded along Powell to Pacific the defendant found a can of morphine which he thought to be pepper or mustard and that he picked it up and put it in the pocket of his sweater and continued on his way; that on Pacific Street the friends separated and the defendant went to call on his friend Wong, who resided on the south line of Pacific between Powell and Trenton; that he continued his trip by passing through Trenton and turned down Jackson when he was arrested. At the time of his arrest he had in his pocket a bunch of keys. One of the keys fitted the lock at 134A Trenton. The defendant at the time of the trial testified that he never opened up the lining of his coat and afterward sewed it up, and took off his coat and offered it in evidence and

exhibited it to the jury. He further testified that it was made to order for him and exhibited the tag, "Brilliant Tailor Company, San Francisco, January 14, 1927." He did not, on his direct examination, testify as to where he resided. On cross-examination, over the objection and exception of the defendant, he was asked and required to answer questions, (1) where did he reside; (2) did he have keys to a house at 134A Trenton Street in San Francisco; (3) did he ever send a suit of clothes to the cleaners; (4) did he do manual labor in his store; (5) how many deliveries per day did he make; (6) why was he on Jackson Street on the night of his arrest; (7) what personal property of his, if any, was kept at 134A Trenton Street.

■ The defendant earnestly contends that the prosecution was bound to plead and prove a "conscious possession." He contends that the evidence does not show such a possession. If the evidence given by the police officers was believed by the jury it is perfectly clear that the jury was entitled to infer that the defendant's possession was quite conscious indeed.

■ The record does not directly disclose that after his arrest the defendant was admitted to bail. However, it does disclose the fact that on the tenth day of May, several months after his arrest, and two months before the date of the trial, the defendant, two policemen, and Jung Shee were present. The jury might properly infer from that fact that the defendant was out on bail and continuing to transact the business of a fruit vender. There was no reason to believe that the defendant necessarily wore all his wardrobe at the time of his arrest. It is but natural to believe that one's surplus clothes are at the place where he resides. If one does manual labor about a fruit store that fact is certaintly pertinent as showing whether clothes have been soiled or otherwise. The number of deliveries which a vender makes in person is pertinent to the same issue. If one has a key to a certain residence it is some evidence as to where his domicile is. ■ Finally, all of these matters are pertinent as cross-examination where a defendant, as did this defendant, testifies that he wore the same coat which he had on his back at the time of the trial, on the night of his arrest, and at all times thereafter until the date of the trial. In other words, all of the ques-

tions propounded to him and to which objection is now made were pertinent on the issue tendered by the defendant that he did not open the lining of his coat and did not carry the can of morphine in the manner testified to by the police officers.

We find no error in the record. The judgment and order appealed from are affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1928.